UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHRISTINE WELCH and MEGHAN WELCH<br>    Plaintiffs<br><br>v.<br><br>AMERICAN ADJUSTMENT BUREAU, INC and COLLABORATIVE LABORATORY SERVICES, LLC<br>    Defendants | CASE NUMBER:<br><br>COMPLAINT<br><br>JURY TRIAL CLAIMED<br><br>DECEMBER 1, 2010 |

## I. INTRODUCTION

1. This is a suit brought by two consumers who have been harassed and abused by the Defendants in the course of their attempts to collect a debt from them. This action is for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and includes pendent claims for violation of the Creditor Collection Practices Act ("CCPA"), Conn. Gen. Stat. § 36a-645, and for violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a *et seq.*

## II. PARTIES

2. Christine Welch is a natural person residing in Amston, Connecticut.

3. Meghan Welch is a natural person residing in Amston, Connecticut, and she is the adult daughter of Christine Welch.

4. American Adjustment Bureau, Inc. ("AAB") is a Connecticut corporation located in Waterbury, Connecticut that is engaged in the practice of debt collection in Connecticut and is licensed with the Connecticut Department of Banking as a Consumer Collection Agency.

5. Collaborative Laboratory Services, LLC ("CLS") is a Connecticut limited liability corporation located in Hartford, Connecticut that provides full-service routine chemistry, hematology, blood drawing and screenings services to Connecticut residents.

### III. JURISDICTION

6. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331, 1367, and 1337, and Fed. R. Civ. P. 18(a).

7. This Court has jurisdiction over AAB because it engages in debt collection within Connecticut.

8. This court has jurisdiction over CLS because it engages in business in Connecticut.

9. Venue in this Court is proper, as the parties are residents and the acts complained of occurred in this state.

### IV. FACTUAL ALLEGATIONS

10. In 2009, CLS claimed debts against Meghan Welch on multiple accounts.

11. CLS attempted to collect one of those accounts from Christine Welch by sending her billing statements.

12. On or around January 11, 2010, CLS sent Christine Welch a collection letter; that letter was addressed to Christine Welch, but it identified the debt as belonging to Meghan Welch, and it referred to Meghan Welch as the patient related to that debt.

13. CLS hired AAB to collect the aforementioned debt from Plaintiffs.

14. On or around February 5, 2010, AAB sent Christine Welch a collection letter; that collection letter was addressed to Christine Welch only, but it identified debt

2

allegedly owed by Meghan Welch on one of the aforementioned accounts; that letter also included a notice of right to dispute and request verification of the debt and an email address at which to contact AAB regarding the debt, and it stated "your account may have been reported to the Credit Bureaus."

15. On February 15, 2010, Christine Welch prepared and sent to AAB's email address a dispute and request for verification letter regarding the alleged debt.

16. On or around March 22, 2010, AAB sent Christine Welch another collection letter regarding the aforementioned account; included with that letter was a copy of the aforementioned collection letter from CLS and a CLS billing statement dated December 31, 2009; that billing statement was addressed to Christine Welch but it identified Meghan Welch as the patient, and at the bottom it stated "We have no insurance information on this account. The balance due is your responsibility."

17. The aforementioned March 22, 2010 AAB collection letter also stated "your account may have been reported to the Credit Bureaus."

18. On or around June 3, 2010, AAB sent Christine Welch a collection letter, and although the letter was addressed to Christine Welch only, the letter regarded a debt allegedly owed by Meghan Welch on a CLS account different from the account identified in the collection letter dated February 5, 2010; that letter also stated "your account may have been reported to the Credit Bureaus."

19. The fact that information regarding the medical testing associated with the aforementioned accounts and related debts had been sent directly to her mother's attention caused Meghan Welch humiliation, stress, embarrassment, and anxiety.

3

## V. CLAIMS FOR RELIEF

### Count One
### Violations of Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*
### (Meghan Welch against AAB)

20. Meghan Welch incorporates Paragraphs 1-19.

21. AAB acted in an abusive and deceptive manner in violation of 15 U.S.C. §§ 1692d and 1692f, and it violated 15 U.S.C. §§1692c by making impermissible contacts with Christine Welch in an attempt to collect debt that was owed by Meghan Welch; furthermore, AAB violated 15 U.S.C. § 1692e by stating that it would negatively report the debt on her mother's credit reports if she failed to pay the debt, and by making the false and misleading representation that her mother was responsible and liable for the debt – all in a manner that caused her to suffer serious embarrassment, stress, and humiliation.

22. For AAB's violations of the Fair Debt Collection Practices Act as described above, Meghan Welch is entitled to recover her actual damages (including emotional distress related damages), statutory damages of $1,000.00, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k.

### Count Two
### Violations of Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*
### (Christine Welch against AAB)

23. Christine Welch incorporates Paragraphs 1-19.

24. AAB acted in an abusive and deceptive manner in violation of 15 U.S.C. §§ 1692d and 1692f, and it violated 15 U.S.C. §§1692c by making impermissible contacts with Christine Welch in an attempt to collect debt that was owed by Meghan Welch; furthermore, AAB violated 15 U.S.C. § 1692e by stating that it would negatively report

4

## V. CLAIMS FOR RELIEF

### Count One
### Violations of Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*
### (Meghan Welch against AAB)

20. Meghan Welch incorporates Paragraphs 1-19.

21. AAB acted in an abusive and deceptive manner in violation of 15 U.S.C. §§ 1692d and 1692f, and it violated 15 U.S.C. §§1692c by making impermissible contacts with Christine Welch in an attempt to collect debt that was owed by Meghan Welch; furthermore, AAB violated 15 U.S.C. § 1692e by stating that it would negatively report the debt on her mother's credit reports if she failed to pay the debt, and by making the false and misleading representation that her mother was responsible and liable for the debt – all in a manner that caused her to suffer serious embarrassment, stress, and humiliation.

22. For AAB's violations of the Fair Debt Collection Practices Act as described above, Meghan Welch is entitled to recover her actual damages (including emotional distress related damages), statutory damages of $1,000.00, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k.

### Count Two
### Violations of Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*
### (Christine Welch against AAB)

23. Christine Welch incorporates Paragraphs 1-19.

24. AAB acted in an abusive and deceptive manner in violation of 15 U.S.C. §§ 1692d and 1692f, and it violated 15 U.S.C. §§1692c by making impermissible contacts with Christine Welch in an attempt to collect debt that was owed by Meghan Welch; furthermore, AAB violated 15 U.S.C. § 1692e by stating that it would negatively report

4

the debt on Christine Welch's credit reports if she failed to pay the debt, and by making the false and misleading representation that Christine Welch was responsible and liable for the debt. Finally, AAB violated 15 U.S.C. § 1692g by continuing to collect the debt without providing verification that Christine Welch was responsible for the debt.

25. For AAB's violations of the Fair Debt Collection Practices Act as described above, the Christine Welch is entitled to recover her actual damages, statutory damages of $1,000.00, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k.

### Count Three
### Violations of the Creditor Collection Practices Act ("CCPA")
### (Meghan Welch against CLS)

26. Meghan Welch incorporates Paragraphs 1-19.

27. CLS violated the CCPA, Conn. Gen. Stat. § 36a-645 and the regulations promulgated thereunder by the Connecticut Department of Banking; CLS acted in an abusive and deceptive manner in violation of Conn. Agencies Reg., §§ 36a-647-5 and 36a-647-6, and it violated Conn. Agencies Reg. § 36a-647-4 by making impermissible contacts with Christine Welch in an attempt to collect debt that exclusively belonged to Meghan Welch and in a manner that caused her to suffer serious embarrassment, stress, and humiliation.

28. For CLS's unfair acts, Meghan Welch seeks her damages (including emotional distress related damages), statutory damages, attorney's fees, and costs pursuant to Public Act No. 07-176.

## Count Four
### Violations of the Creditor Collection Practices Act ("CCPA")
### (Christine Welch against CLS)

29. Christine Welch incorporates Paragraphs 1-19.

30. CLS violated the CCPA, Conn. Gen. Stat. § 36a-645 and the regulations promulgated thereunder by the Connecticut Department of Banking; CLS acted in an abusive and deceptive manner in violation of Conn. Agencies Reg., §§ 36a-647-5 and 36a-647-6, and it violated Conn. Agencies Reg. § 36a-647-4 by making impermissible contacts with Christine Welch in an attempt to collect debt that exclusively belonged to Meghan Welch.

31. For CLS's unfair acts, Christine Welch seeks her damages, statutory damages, attorney's fees, and costs pursuant to Public Act No. 07-176.

## Count Five
### Violations of the Connecticut Unfair Trade Practices Act,
### Conn. Gen. Stat. § 42-110a *et seq.*
### (Meghan Welch against AAB and CLS)

32. Meghan Welch incorporates Paragraphs 1-19.

33. AAB and CLS violated CUTPA by their unfair and deceptive collection activities, as described above.

34. Meghan Welch suffered an ascertainable loss as a result of AAB's and CLS's conduct.

35. AAB's and CLS's acts as described above were unfair, immoral, unethical, oppressive and unscrupulous as such to cause substantial injury to consumers.

6

36. For AAB's and CLS's violations of CUTPA, Meghan Welch is entitled to recover her actual damages (including emotional distress related damages), punitive damages, and reasonable attorney's fees pursuant to Conn. Gen. Stat. 42-110g.

### Count Six
### Violations of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et seq.*
### (Christine Welch against AAB and CLS)

37. Christine Welch incorporates Paragraphs 1-19.

38. AAB and CLS violated CUTPA by its unfair and deceptive collection activities, as described above.

39. Christine Welch suffered an ascertainable loss as a result of AAB's and CLS's conduct.

40. AAB's and CLS's acts as described above were unfair, immoral, unethical, oppressive and unscrupulous as such to cause substantial injury to consumers.

41. For AAB's and CLS's violations of CUTPA, Christine Welch is entitled to recover her actual damages, punitive damages, and reasonable attorney's fees pursuant to Conn. Gen. Stat. 42-110g.

WHEREFORE, the Plaintiffs seek recovery of actual damages (including emotional distress related damages) pursuant to 15 U.S.C. § 1692k, C.G.S. 42-110g, and Public Act No. 07-176; statutory damages pursuant to 15 U.S.C. § 1692k and Public Act No. 07-176; attorney's fees and costs pursuant to 15 U.S.C. § 1692k, C.G.S. 42-110g, and Public Act No. 07-176; punitive damages pursuant to 42-110g; and such other relief as this Court deems appropriate.

> PLAINTIFFS, CHRISTINE WELCH &
> MEGHAN WELCH
>
> By: _____
> Daniel S. Blinn, ct02128
> Matthew W. Graeber ct27545
> dblinn@consumerlawgroup.com
> Consumer Law Group, LLC
> 35 Cold Spring Rd. Suite 512
> Rocky Hill, CT  06067
> Tel. (860) 571-0408  Fax (860) 571-7457